# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD NIELDS,

    Petitioner,

:    Case No. 1-03-cv-019

:    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

   -vs-

MARGARET BRADSHAW, Warden,

:

    Respondent.

---

### DECISION AND ORDER GRANTING MOTION TO CONVEY

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Convey which seeks an order that the Warden transport him from the Ohio State Penitentiary to Neurological Services, Wallace-Kettering Neuroscience Institute in Kettering, Ohio, for purposes of neurological imagining.(Doc. No. 54). Respondent opposes the Motion (Doc. Nos. 57, 59) and Petitioner has filed a Brief in Support (Doc. No. 58).

In its Order for Supplemental Briefing, the Court raised the question of its jurisdiction to enter the requested order. As it turns out, the decision of the instant Motion turns entirely on that question: the Warden has not contested the appropriateness of the testing in question for state clemency proceedings or the qualifications of the proposed testers to provide useful results. Petitioner concedes that the jurisdiction of this Court to issue such an order is a matter of first impression.

The Warden is correct that Petitioner's habeas corpus case is at an end because final

1

judgment has been entered and affirmed on appeal. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007). However, the appointment of counsel by this Court to represent Mr. Nields is not at an end. 18 U.S.C. § 3599 provides that an appointment of counsel that this Court makes in a capital case continues through "proceedings for executive or other clemency." 18 U.S.C. § 3599(e) In adopting that statute, Congress recognized that expert services might be necessary "for the representation of the defendant" and provided for federal courts to authorize such services and pay for them. § 3599(f). In this case Petitioner has not sought payment for these services from funds authorized by the Court, presumably because such funds are otherwise available, but that does not detract from the Congressional recognition that such services may be necessary for representation of the defendant. The power to appoint counsel for clemency proceedings and provide for expert services to those counsel could be completely frustrated if the Court could not order reasonable ancillary relief to make those provisions meaningful.

The Court certainly agrees with Respondent that it, like all federal courts, is a court of limited jurisdiction. *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981). The Court further agrees that its jurisdiction under 28 U.S.C. § 2254 is at an end. In fact, it could not exercise habeas corpus jurisdiction again as to Mr. Nields' conviction without permission from the Court of Appeals for a successive petition or perhaps on a proper motion under Fed. R. Civ. P. 60(b).

However, the Court finds it has jurisdiction, given by Congress under 18 U.S.C. § 3599, to issue the requested order and power to do so under the All Writs Act, 28 U.S.C. § 1651. This jurisdiction would appear to be concurrent with whatever jurisdiction the Parole Board may have

to order conveyance of the Petitioner and the presumed jurisdiction of the sentencing court to order the same relief. In other words, the Court does not suggest that its jurisdiction is exclusive. There is, however, no requirement for Petitioner to approach either of those state entities first, since exhaustion is not a requirement under 18 U.S.C. § 3599.

The Motion to Convey is GRANTED. Petitioner's counsel shall prepare an order in appropriate form and present it to Respondent's counsel for review of form before presenting it to the Court.

January 11, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge