IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD NIELDS,

:

    Petitioner,                                                         Case No. C-1-03-019

:                    District Judge Thomas M. Rose
    -vs-                                                            Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

:

    Respondent.

---

**ORDER STAYING MAGISTRATE JUDGE'S DECISION PENDING APPEAL**

---

       This case is before the Court on Respondent's second Motion to Stay the Magistrate Judge's Decision and Order Granting Motion to Convey (Doc. No. 62) which Petitioner opposes (Doc. No. 64). The Motion is necessary because the Motion to Convey is nondispositive and therefore the Magistrate Judge's Decision is effective pending appeal unless stayed.

       The Motion to Convey was decided on January 11, 2010. Respondent filed her first Motion (Doc. No. 61) which the Court immediately denied for failure of Respondent's counsel to consult Petitioner's counsel as required by S. D. Ohio Civ. R. 7.3 (See notation order denying Doc. No. 61), thereby protecting Petitioner's interest in being heard on the Motion. When Respondent re-filed, she indicated that Petitioner did not consent to a stay (Doc. No. 62). The Court immediately ordered that Petitioner respond promptly, intending thereby by protect Petitioner's interest in a speedy decision on the stay and on any appeal, assuming that Petitioner had an important interest in getting the matter finally decided promptly.

       Despite these acts by the Court to protect Petitioner's interests, his counsel complains:

> Mr. Nields is submitting this pleading pursuant to the Court's request. Because the Warden has offered *no* argument in support of its motion, the Court's order for a response has the effect of shifting the burden. In essence, the Warden does not have to support her motion with fact or law. Instead, Mr. Nields must offer a persuasive reason for the Court to deny the motion.

(Memo in Opp., Doc. No. 64, at 2.)

       Counsel misunderstands the Court's action. The Court did not order a response. Rather,

understanding that the Petitioner opposed the stay and intended to respond, the Court ordered that it be done in two days time, rather than allowing the twenty-four days response time permitted by S. D. Ohio Civ. R. 7.2. Hopefully the reason is obvious: Petitioner's execution is scheduled for June, 2010, and preparation of any clemency petition must proceed expeditiously.

The burden of persuasion for a stay pending appeal is on the party seeking the stay, here the Warden. The factors to be considered are the same as those governing a preliminary injunction. *Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n,* 812 F.2d 288 (6th Cir. 1987). As the parties agreed in briefing the Motion to Convey, the question whether a federal habeas court has jurisdiction to enter such an order is a question of first impression, not squarely governed by any precedent. To deny a stay pending appeal would be to possibly prevent the Warden from obtaining a decision on this question of first impression by an Article III judge. The Warden, like any other federal litigant, has the right to have questions in the case decided by a judge with Article III protections[1] – life tenure and irreducible pay. It is for that reason that 28 U.S.C. § 636(b) gives litigants a right to appeal even nondispositive magistrate judge decisions.

The question of whether this Court has jurisdiction to enter the Order to Convey is a close question of first impression. Staying the Order pending appeal will enable the Warden to obtain a decision by an Article III judge on that question. The hoped-for confirmation of the Magistrate Judge's decision is, in his opinion, worth the wait.

The Motion for Stay pending appeal is granted.

January 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] Magistrate judges are authorized to exercise full Article III authority on unanimous consent of the parties, but neither the Ohio Public Defender's Office nor the Capital Habeas Unit of the Federal Defender's Office has ever consented to plenary magistrate judge jurisdiction in a capital habeas case.